UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. RIVERA SOTO,<br>    Plaintiff,<br> -against-<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | 22-CV-9388 (JLR) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

  The above-referenced social security action has been referred to Magistrate Judge Moses for Report and Recommendation. All motions and applications, including those related to scheduling, and all motions to dismiss or for judgment on the pleadings, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

  The parties' attention is drawn to Standing Order M10-468, filed in this action at Dkt. 5, which sets out the applicable deadlines for filing the certified transcript of administrative proceedings schedule and the parties' motions for judgment on the pleadings, as well as page limits for the parties' briefs. Extension requests, or other requests to vary the provisions of the Standing Order, must be made *in advance of the relevant deadline* and in accordance with, *inter alia*, Moses. Ind. Prac. § 2(a).

  The parties are reminded that Court is familiar with the standard of review and the sequential evaluation process in social security actions. In their motion papers, therefore, the parties should avoid boilerplate discussions of the governing legal standards. Rather, they should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue. When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties

must provide complete and accurate citations to the portions of those authorities relied upon. The parties must also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the administrative record for all evidence relied upon [*i.e.*, "R. ___"]. In addition, all medical terminology unlikely to be familiar to a layperson (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) should be defined or explained, preferably by citation to a medical dictionary or other standard reference work. The parties may not supplement the record beyond the definition of technical terms.

Dated: New York, New York
November 15, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**